UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
MAR 13 2001
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO. 99-723 (DSD/JGL) |
| Plaintiff, | )<br>) |
| v. | ) **CONSENT DECREE**<br>) |
| AUTOMATIC SYSTEMS CO. | )<br>) |
| Defendant. | )<br>) |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on May 11, 1999 pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. In its complaint, the EEOC alleged that Defendant, Automatic Systems Co. ("ASC"), discriminated against Alan Nordman when it demoted him from his position as a supervisor because ASC regarded him as disabled. Specifically, the EEOC alleged that because of Nordman's heart condition, ASC believed that Nordman was incapable of performing supervisory work. ASC denies that it has committed any of the violations alleged by the EEOC. The EEOC and ASC (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I.   Monetary Relief

   A.   Settlement Amount

ASC agrees to settle this case for $18,000.00 and to mail a check totaling that amount to Alan Nordman with a copy to the EEOC, at the time specified below, after the date the Consent Decree is entered by the Court. The check shall be sent by certified mail, return receipt requested, to Nordman at 9064 Janie Avenue, Cottage Grove, MN 55016, and a copy of the check shall be mailed

3-15-01

simultaneously to the undersigned counsel for the EEOC. Payment is due within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

Neither the EEOC nor ASC make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Nordman may or may not incur on such payment under local, state and/or federal law.

II.   Non-Monetary Terms

   A.   Compliance with the ADA

ASC agrees that it will not condone or tolerate acts of disability discrimination as prohibited by 42 U.S.C. §12101, et. seq.

   B.   Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

   C.   Training

ASC shall provide training, specifically on compliance with the ADA, to all of its personnel, including supervisors, managers and administrators, and agree to continue to provide orientation to new employees, at its expense, relating to ASC's obligation to maintain a work environment free from discrimination on the basis of disability.

   D.   Creation and Dissemination of Anti-Discrimination Policy

ASC shall certify to the EEOC that it has an anti-discrimination policy. Such policy will specifically outline procedures for reporting and investigating complaints of disability discrimination, and will include the names of persons to whom discrimination complaints should be made. If no such policy exists, ASC shall create such a policy within 30 days. This policy should be disseminated to all employees.

E.  Posting of Notice

ASC agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. ASC agrees to post this notice within five calendar days of ASC's receipt of approval of this Consent Decree by the Court, for 90 consecutive calendar days.

F.  Removal of References to EEOC Charge/Lawsuit from Personnel File

ASC shall remove from Nordman's personnel file any record or indication that relates to his charge filed with the EEOC, the investigation, litigation, or resolution of the charge. ASC shall also remove all statements that Nordman was relieved of his supervisory duties because he was unable to perform the job based on a medical condition.

G.  Neutral Reference

When and if ASC is contacted by a prospective employer of Nordman's for an employment reference, ASC shall provide neutral reference information, consisting only of dates of employment and positions held.

H.  Record-keeping and Reporting

For three years from the date of this Consent Decree, ASC shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging disability discrimination. During this period, ASC shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order. ASC shall provide the EEOC with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint known to ASC: the name, address, telephone number, and social security number of all employees at ASC's facility, if any, who, during the reporting period, complained either verbally or in writing about disability discrimination; the date

3

and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by ASC in response to each complaint. Finally, the EEOC may inspect ASC's premises, interview employees and examine and copy documents. The EEOC shall give written notice one week prior to coming on the premises for inspection.

I. <u>Enforcement of Consent Decree</u>

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to ASC. ASC shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J. <u>Certification to the EEOC</u>

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, ASC will notify the EEOC of such compliance through a letter from an appropriate representative.

K. <u>No Other Agreements</u>

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L. <u>Enforcement of Terms of Consent Decree and Jurisdiction</u>

4

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the three year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

_____  
Jean P. Kamp  
Regional Attorney

3-8-01  
Date

_____  
Tina Burnside  
Senior Trial Attorney

3/6/01  
Date

EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
Minneapolis Area Office  
330 S. Second Ave., Suite 430  
Minneapolis, MN 55401  
(612) 335-4047

_____  
David Y. Trevor  
Holly S.A. Eng

DORSEY & WHITNEY LLP  
Pillsbury Center South  
220 South Sixth Street  
Minneapolis, Minnesota 55402

Attorneys for Defendant  
Automatic Systems Co.

_____  
Date

## ORDER

SO ORDERED this 14th of March, 2001.

_____  
Hon. David S. Doty  
United States Judge

6

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br>v.<br><br>AUTOMATIC SYSTEMS CO.<br><br>       Defendant. | CIVIL ACTION NO. 99-723 (DSD/JGL) |

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), and Automatic Systems Co. (ASC). A charge was filed with the EEOC alleging that ASC violated the Americans with Disabilities Act (ADA) by discriminating against an employee. While ASC denies that a violation has occurred, as part of the agreement reached by the parties, ASC has agreed to take the following steps:

1. Without admitting any violation of the law in the past, Automatic Systems Co. agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by the ADA. In other words, employees will not be harassed or retaliated against because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under the ADA.

2. Automatic Systems Co. will provide training to its staff including supervisors, managers, and administrators in regard to its policy forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. Automatic Systems Co. will disseminate its anti-discrimination policy to its staff outlining that discrimination on the basis of disability is prohibited.

The EEOC enforces Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. It also enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; prohibitions against discrimination against individuals with disabilities in the federal sector; and sections of the Civil Rights Act of 1991. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday. Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.

EXHIBIT A